**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FREDRICK GOINGS, M36022, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-888-DWD |
| | ) | |
| MARIVON T. AMPIER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

On July 18, 2023, the Court dismissed this case after it found that Plaintiff had failed to exhaust his administrative remedies prior to filing suit.  (Docs. 97, 98).  Plaintiff signed his Motion to Alter or Amend Judgment (Doc. 99) on August 15, 2023, though the Court did not receive and docket it until August 17, 2023.   In the Motion, Plaintiff contends that the Court committed both legal and factual errors when it granted the Defendants' Motion for Summary Judgment on the Exhaustion of Administrative Remedies. The Defendants responded.  (Doc. 100).  For reasons explained here, Plaintiff's Motion to Alter or Amend (Doc. 99) is denied.

A court may alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59.  "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (*citing Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.

2000)).  As the United States Court of Appeals for the Seventh Circuit has recognized, true manifest errors of law or fact, in which "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension" are "rare[ ] ... and the [Rule 59(e) ] motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Rule 59(e) motions are not vehicles to introduce new evidence or to advance arguments that could or should have been presented to a district court prior to the entry of judgment. *See County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir.2006); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir.1999).

Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (*quoting Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

If a motion to reconsider is made more than 28 days after the close of the case, then it is considered under Federal Rule of Civil Procedure 60, which allows a Court to alter or amend a judgment for factual or legal error.

The Defendants argue that Plaintiff's Motion should be considered under the more stringent standards of Rule 60(b) because he submitted it on August 17, 2023, which is more than 28 days beyond the judgment, but this argument is unavailing. Plaintiff is an inmate whose filings are considered under the 'prison mailbox rule,' which generally provides that a prisoner's pleading is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk. *See e.g., Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015). The Seventh Circuit commented in *Taylor*, that the prison mailbox rule also extends to documents that an inmate e-files at the prison, because he has no more control over when those documents are uploaded than he would over documents deposited in the prison system for physical mailing. *Id.* at 859. Plaintiff included a signed and sworn statement with his pleading wherein he attested that he placed the document in the prison mail system for e-filing on August 15, 2023. (Doc. 99 at 37). August 15, 2023, was exactly 28 days from the Court's ruling and judgment in this case, so his Motion is timely for purposes of Rule 59(e).

Assessed under Rule 59(e), Plaintiff has failed to demonstrate that the Court committed a manifest error of law or fact when it found that Plaintiff had failed to exhaust his administrative remedies prior to filing this lawsuit. In the Motion[1], Plaintiff takes issue with legal and factual findings, but neither tactic prevails.

---

[1] The Court notes that Plaintiff's Motion (Doc. 99) appears to be missing page 10. His pages are hand numbered in the bottom left corner, and the Motion skips from page 9 to page 11. The Court finds that it is able to resolve the Motion without the missing page because the missing page was in the middle of Plaintiff's summarization of the testimony from the hearing and his recitation of basic legal standards, and thus the missing portion contained neither new factual allegations, nor specific indications that the Court legally erred. The missing information was mere background for Plaintiff's substantive arguments presented later in the "Analysis" portion of the Motion, which begins on page 14.

Plaintiff begins by arguing that the Court erroneously found that the grievance process was available to him for the filing of grievances in January or February of 2019. He argues this is so because exhibits tendered in this litigation were fabricated for the purpose of supporting the Defendants' position, and he tendered three grievances at the prison and one to the ARB with no response, after which he did not have an obligation to do more. These arguments have been previously considered and are recycled. The Court found at the *Pavey* hearing that the evidence submitted by the defendants was reliable, and it ultimately did not believe Plaintiff that he submitted three grievances to the prison and one to the ARB with no response. While Plaintiff is correct that an inmate is not required to repeatedly avail himself of a process that does not work or is a dead-end, the Court was not persuaded that he faced a situation of true unavailability, so the Court's finding does not equate to a finding that would have required him to tirelessly pursue remedies that were not functioning or available.

Next, Plaintiff contends that the Court erred by finding each of the three witnesses—Kelly Pierce, Jacob Scanlon, and John Caraway—credible. And further, that the Court erred by finding his own testimony lacked credibility. These contentions are supported by a mere re-hashing of the testimony that the Court heard at the hearing. A Rule 59 motion is not a vehicle to rehash points or arguments that were previously considered and ruled upon or rejected. The Court reviewed the transcript of the Pavey hearing alongside Plaintiff's Motion to Reconsider, and it did not find any basis to alter the credibility determinations made at the hearing.

Mixed in with the arguments on witness credibility, Plaintiff argues that the Court improperly restricted the questions he was allowed to ask of Jacob Scanlan. Specifically, he contends that he tried to ask Scanlan about a motive to fabricate or bias testimony in this matter, but that the Court blocked this line of questions, and showed displeasure when he asked 'basic' background questions about Scanlon. The Court does not agree with this characterization of the hearing and does not find that the limits placed on Plaintiff's lines of inquiry were improper. In fact, Scanlan was first called by the Defendants and was questioned by both sides, and then at the end of the Plaintiff's case when Plaintiff indicated a desire to ask more questions of Scanlan, the Court took a recess in order to re-call Scanlan, who had been dismissed on the mistaken premise his testimony for the day was over. This series of events can hardly be characterized as "blocking" Plaintiff's ability to elicit helpful testimony.

Plaintiff raises many more points about the credibility of each witness and the plausibility of their testimony, but the Court will not exhaustively recite and refute those arguments here. The Court thoroughly reviewed the pleadings prior to the hearing, it allowed the parties ample time to present evidence and arguments, and it has reviewed the hearing transcript in preparation of this ruling on Plaintiff's Motion to Reconsider. The Court remains convinced that the credibility findings were factually reasonable, were supported by the record evidence, and did not result in a legal or factual error.

Moving away from witness credibility, Plaintiff argues that the Court erred when it interpreted evidence about his January 2019 inquiry to his counselor or the grievance office about the status of any recently filed grievances. This issue came to light by

submission of Plaintiff's cumulative counseling summary, and it was elaborated on during Kelly Pierce's testimony.  Per Ms. Pierce, after an inmate filed a grievance at Menard, it was standard for him to receive a receipt within 48 hours (excluding holidays and weekends).  If an inmate did not receive a receipt, he could inquire about the status in writing or during counselor's cellhouse rounds.  Inquiries were documented in the cumulative counseling summary.  Plaintiff's cumulative counseling summary reflects that on January 11, 2019, a written request was received about the status of his grievances, and a memo was sent "listing all grievances received as of 12/1/2018 with status listed." (Doc. 73-2 at 5).  At the hearing, Ms. Pierce testified that the memo would have included status on grievances filed from December 1, 2018, thru the date of the written request (1/11/2019).  Plaintiff contends that this is an inaccurate reading of the counseling summary.

While Plaintiff has identified a potential discrepancy between the language in the brief counseling summary, and Ms. Pierce's testimony, the discrepancy does not undermine the Court's findings from the *Pavey* hearing.  Even if on January 11, 2019, Plaintiff was only sent a memo with information about grievances filed prior to December 1, 2018, this would have at most meant he did not get information about his alleged January 1, 2019, grievance.  Of his own accord, he submitted a subsequent copycat grievance on January 26, 2019, which he then inquired about with the counselor on February 8, 2019, during a gallery tour.  (Doc. 73-2 at 4).  During that inquiry, he was informed that the grievance office had not received grievances from him on January 25 or 26, 2019.  He subsequently alleges he filed a third grievance on February 13, 2019.  In

totality, even if Plaintiff did not get information on January 11, 2019, about his January 1, 2019 query, he still had subsequent opportunities to inquire into this issue, or into the status of his two follow-on grievances.  Thus, to the extent there was a departure between Ms. Pierce's testimony and the meaning of the entry in the cumulative counseling log, it did not materially impact the outcome of the Court's finding on exhaustion.

Plaintiff also argues that the Court erred by assuming that the grievance box brought around his housing area was locked, but testimony from the witnesses supported this finding, and Plaintiff has never previously argued the box was not locked.

Plaintiff repeats his arguments about his knowledge of the process at Menard that allows an inmate to seek a status update on his grievance, but the Court stands by its earlier finding that Plaintiff knew about this process.  Specifically, there is evidence from the cumulative counseling log that on at least two occasions close in the time to the events in this litigation, Plaintiff sought updates on the status of filed grievances.  This evidence supports the Court's finding that Plaintiff was aware of the full grievance process, and mechanisms for follow-up on allegedly missing grievances.

Plaintiff closes by circling back to arguments about the availability of the grievance procedure.  He argues that there is reason to believe the Defendants had both motivation and a way to obstruct his access to grievances, and that they did so in this case.  Plaintiff adds in the closing paragraphs that because this case began with allegations that included sexual assault, the administrative code placed no time-limit on the filing of a grievance. It is true that grievances about sexual assault can be brought at any time, but this argument could have been made earlier, and even if it was, that does not change the

exhaustion ruling.  Plaintiff did not fail to exhaust based on an untimely grievance, he failed to exhaust because the Court found that he never properly filed a grievance about the allegations in this lawsuit.

Plaintiff also argues that if an offender does not get a response to a grievance about sexual abuse at any level of the grievance process, then he can treat the non-response as a denial at that level.  He cites 20 Ill. Admin Code § 504.800, et seq., for this alleged quote, but that provision does not contain that language.  The Court is aware of language similar to this that applies to cases filed by Federal prisoners[2], and also of similar language in other states in the Seventh Circuit (such as Wisconsin[3] and Indiana[4]), but Illinois' Administrative Code does not contain this provision as quoted directly by Plaintiff in his Motion to Reconsider.

---

[2] *See e.g., Kourani v. Sproul*, 2023 WL 4825000 at *3 (S.D. Ill. July 27, 2023) (noting that if a Bureau of Prisons inmate does not receive a response to an administrative remedy request in the timeframe set forth, he may consider the absence of a response to be a denial at that level.

[3] *See e.g., Mursal v. Ratchman*, 2021 WL 5114389 at *4 (E.D. Wisc. Nov. 3, 2021) (noting that if an inmate does not get a response at the final level of appeal for the grievance process within 45 days, then he may treat his remedies as exhausted and may pursue litigation about his claims).

[4] *See e.g., Hackner v. Hyatte*, 2023 WL 5223334 at * 6 (N.D. Ind. Aug. 15, 2023) (indicating that under the Indiana Department of Corrections grievance process, an inmate who does not get a response from a grievance specialist within 21 days may proceed to an appeal as if there has been a response).

For all of the foregoing reasons, the Court finds that Plaintiff has failed to establish a legal or factual reason to alter the Court's earlier ruling on the exhaustion of administrative remedies. The Court considered the evidence and issues in this case at great length, and stands firm on the credibility determinations made after the *Pavey* hearing. Plaintiff's Motion to Alter or Amend Judgment (Doc. 99) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 12, 2024                    /s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge